UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DIOP KAMAU, a/k/a, DONALD JACKSON,

    Plaintiff,

v.                                             Case No. 4:21-cv-279-MW/MJF

GREGORY A. SLATE,

    Defendant.
_____/

## ORDER

This matter is before this court on Plaintiff Diop Kamau's ("Kamau") motion for leave to file a first amended complaint. Doc. 17. Defendant did not file a response. Because the proposed first amended complaint fails to identify the citizenship of Police Complaint Center Inc. ("PCC Inc."), a corporation that Kamau seeks to join as a plaintiff in this action, Kamau's motion for leave to amend is denied without prejudice to Kamau filing a second motion for leave to amend.

### I. DISCUSSION

Federal Rule of Civil Procedure 15(a) governs amending and supplementing pleadings before trial:

> **(1) *Amending as a Matter of Course.*** A party may amend its pleading once as a matter of course within:
>
>     **(A)** 21 days after serving it, or

> **(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> **(2) Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a)(1)-(2). A party seeking leave to amend under Rule 15(a) bears the burden of establishing entitlement to such leave. *See In re Engle Cases*, 767 F.3d 1082, 1119 n.37 (11th Cir. 2014).

Rule 15, "which stresses that court should freely give leave to amend 'when justice so requires,'" "severely restrict[s]" a district court's discretion to deny leave to amend. *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) (quoting *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988)). But a court should deny leave to amend when the amendment would be futile. *In re Engle Cases*, 767 F.3d at 1108-09; *SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 764 F.3d 1327, 1344 (11th Cir. 2014). That is, the amended complaint still would be subject to dismissal for, among other reasons, lack of subject-matter jurisdiction. *Ricciardi v. Kone, Inc.*, 215 F.R.D. 455, 458 (E.D.N.Y. 2003); *see L.S. ex rel. Hernandez v. Peterson*, 982 F.3d 1323, 1332 (11th Cir. 2020) (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)); *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1133 (11th Cir. 2019).

Under 28 U.S.C. § 1332, federal courts have subject-matter jurisdiction over a claim if the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship among the parties. 28 U.S.C. § 1332(a); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000). In order to have complete diversity, every plaintiff must be diverse from every defendant. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). A corporation is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010) (emphasis omitted) (quoting 28 U.S.C. § 1332(c)(1)). Because federal courts are courts of limited jurisdiction, a federal court cannot consider the merits of a case unless and until it is assured of its subject-matter jurisdiction. *Belleri v. United States*, 712 F.3d 543, 547 (11th Cir. 2013); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) (noting that a federal court must "inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking"); *see Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1279-80 (11th Cir. 2001).

In the proposed first amended complaint attached to the motion for leave to amend, Kamau, among other things, attempts to join PCC Inc. as a plaintiff in this action. Doc. 1 at 5 ¶ 11. The proposed first amended complaint, however, does not identify PCC Inc.'s state of incorporation or principal place of business, both of

which are necessary to determine whether the District Court enjoys subject-matter jurisdiction over the claims in the proposed amended complaint. *Id.* at 9-10; *Hertz Corp.*, 559 U.S. at 80; *see* Fed. R. Civ. P. 8(a)(1). Thus, if Kamau elects to file a second motion for leave to amend the complaint and join PCC Inc. as a plaintiff, the amended complaint must identify PCC Inc.'s state of incorporation and principal place of business.

It is worth noting that the Florida Department of State's ("FDS") website lists a "Police Complaint Center Inc." (FEI/EIN # 83-3661623) that was incorporated in Florida.[1] To the extent that this corporation is PCC Inc., it appears that diversity of citizenship exists in this action. The "Police Complaint Center Inc." listed on the FDS's website, however, was active only from January 5, 2019 to November 5, 2020. FLORIDA DEPARTMENT OF STATE, https://dos.myflorida.com/sunbiz/search/ (follow "Name" hyperlink; then search by "Entity Name"). This temporal framework does not align with Kamau's allegations that PCC Inc. contracted with Defendant on or about March 24, 2007. Doc. 1 at 12. The "Police Complaint Center Inc." on the FDS's website, therefore, may not be PCC Inc. In any event, if Kamau

---

[1] Under Federal Rule of Evidence 201(b), a court may take "judicial notice of facts that are not subject to reasonable dispute because they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999). Thus, the undersigned takes judicial notice of the records posted on the FDS's website.

desires to join PCC Inc. as a plaintiff in this action, the proposed amended complaint must identify PCC Inc.'s citizenship as detailed above.[2]

## II. CONCLUSION

Because the proposed first amended complaint does not identify PCC Inc.'s citizenship, it is **ORDERED**:

1. Kamau's motion for leave to file a first amended complaint, Doc. 17, is **DENIED** without prejudice.

2. If Kamau desires to amend his complaint, **on or before March 2, 2022**, Kamau must file a motion for leave to amend his complaint **and** a proposed amended complaint, which shall be marked as Kamau's "**Second Amended Complaint**."

3. The failure to file a motion to amend his complaint and an amended complaint on or before March 2, 2022, likely will preclude Kamau from amending his complaint.

**SO ORDERED** this 31st day of January, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

---

[2] Kamau is reminded that any proposed amended complaint must contain all of the allegations he would like to present, because once an amended complaint is filed, all earlier complaints and filings—including exhibits—are disregarded and matters not set forth in the amended pleading are deemed to have been abandoned. N.D. Fla. Loc. R. 15.1; *see Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016).