# **EXHIBIT 1**

 KeyCite Yellow Flag - Negative Treatment

Distinguished by United States v. Middleton, N.D.Ga., March 30, 2022

208 Fed.Appx. 781
This case was not selected for
publication in West's Federal Reporter.
See Fed. Rule of Appellate Procedure 32.1 generally
governing citation of judicial decisions issued on or after
Jan. 1, 2007. See also U.S. Ct. of App. 11th Cir. Rule 36-2.
United States Court of Appeals,
Eleventh Circuit.

Colleen MACORT, Access Now, Inc., a Florida
not-for-profit corporation, Plaintiffs–Appellees,
v.
PREM, INC., a Florida corporation d.b.a.
Budget Inn of Sarasota, Defendant–Appellant.

No. 06–12316
|
Non–Argument Calendar.
|
Nov. 30, 2006.

**Synopsis**
**Background:** Motel was sued for failing to comply with the Americans with Disabilities Act (ADA). The United States District Court for the Middle District of Florida, No. 03–01710–CV–T–17–MSS, adopted magistrate judge's report and recommendation and denied motel's motion for costs, fees, and sanctions. Motel appealed.

**Holdings:** The Court of Appeals held that:

[1] conduct of plaintiff's counsel did not improperly multiply the proceedings, as was required to warrant § 1927 sanctions, and

[2] Florida rule of professional conduct prohibiting attorney from acquiring proprietary interest in subject matter of litigation the attorney was conducting did not create a third party cause of action.

Affirmed.

**Procedural Posture(s):** On Appeal.

West Headnotes (3)

[1]  **United States Magistrate Judges** ⟵ Particular cases, contexts, and questions

Court of Appeals would review de novo the legal question of whether district court applied the proper standard of review in adopting the report and recommendation of the magistrate judge on motel's motion for costs, fees, and sanctions, in action alleging it failed to comply with the Americans with Disabilities Act (ADA). Americans with Disabilities Act of 1990, § 2 et seq., 42 U.S.C.A. § 12101 et seq.

2990 Cases that cite this headnote

[2]  **Attorneys and Legal Services** ⟵ Multiplication of proceedings in general

Conduct of plaintiff's counsel in ADA action did not improperly multiply the proceedings, as was required to warrant § 1927 sanctions; prior to appeal, case was fairly small and simple, with only a complaint, initial disclosures, and limited discovery, plaintiff's lawyers sought dismissal as soon as they were convinced that she lacked standing, and they filed only one lawsuit without voluminous or multiple pleadings. 28 U.S.C.A. § 1927; Americans with Disabilities Act of 1990, § 2 et seq., 42 U.S.C.A. § 12101 et seq.

58 Cases that cite this headnote

[3]  **Attorneys and Legal Services** ⟵ Duties and Liabilities to Non-Clients

Florida rule of professional conduct prohibiting an attorney from acquiring a proprietary interest in the subject matter of litigation the attorney was conducting did not create a third party cause of action. West's F.S.A. Bar Rule 4–1.8.

**Attorneys and Law Firms**

***782** Susan Hartmann, Bradenton, FL, for Defendant–Appellant.

Peggy Anne Underbrink, Gene R. Zweben, Schwartz, Zweben & Associates, LLP, Stuart, FL, for Plaintiffs–Appellees.

Appeal from the United States District Court for the Middle District of Florida. D.C. Docket No. 03–01710–CV–T–17–MSS.

Before CARNES, WILSON and PRYOR, Circuit Judges.

**Opinion**

PER CURIAM:

**\*\*1** Prem, Inc., more commonly known as Budget Inn of Sarasota (Budget), appeals the district court's order adopting the magistrate judge's report and recommendation denying Budget's motion for fees, costs and sanctions against Colleen Macort and Access Now, Inc.

**I.**

In 2003, Macort and Access Now filed suit against Budget for failing to comply with the American with Disabilities Act. During Macort's April 2004 deposition, it became clear that she lacked standing to pursue her claim. A month after the deposition, Budget filed a motion to dismiss for lack of standing and a motion for fees and sanctions pursuant to Fla. Rules Prof'l Conduct R. 4–1.8, Fed.R.Civ.P. 11, and 28 U.S.C. § 1927. In the fees and sanction motion Budget asserted that Macort's counsel failed to conduct a sufficient pre-suit investigation. Several days later, Macort's counsel sent Budget a proposed joint motion to dismiss without prejudice. Budget, wanting its own motion to dismiss and motion for fees and sanctions to be considered, did not respond to the proposed joint motion.

Macort then filed its own separate motion for the district court to dismiss the suit with prejudice, and the court did so. At the time the court granted Macort's motion to dismiss, Budget had not yet received a copy of that motion. The court ordered each party to bear its own cost. Budget filed a motion to vacate and set aside the judgment under Fed.R.Civ.P. 59(e) and 60(b) and renewed its motion for fees and sanctions. The district court denied both motions, and Budget timely appealed.

We considered that appeal and decided that the district court had abused its discretion by dismissing the suit without allowing **\*783** Budget an opportunity to respond. We vacated both the district court's order granting the motion to dismiss and that part of its order denying Budget's motion for fees and sanctions based on Fla. Rules Prof'l Conduct R. 4–1.8 and 28 U.S.C. § 1927. We did affirm the part of the district court's order denying the motion for fees and sanctions insofar as it was based on Rule 11 grounds.

On remand, the district court decided that an evidentiary hearing was needed on Budget's sanctions motion and referred the matter to a magistrate judge. After holding a three-hour evidentiary hearing on October 20, 2005, the magistrate judge issued on December 16, 2005 a report and recommendation that the district court deny Budget's motion for sanctions. Budget filed objections to the report.

On April 13, 2006, the district court adopted the magistrate judge's report and recommendation, denying Budget's motion for costs, fees and sanctions. The district's denial order categorized Budget's objections as: (1) failing to raise any specific problems with the magistrate judge's report and merely reciting the background of the case; (2) asserting facts not found by the magistrate judge's report that did not effect the outcome of the decision; and (3) simply offering a detailed analysis of the relevant law. The district court's order stated that the magistrate judge's findings were supported by the evidence and adopted them. Budget filed its notice of appeal the next day, April 14, 2006. The transcript of the evidentiary hearing was not available to the court or the parties until June 20, 2006, well after the district court had adopted the magistrate judge's report.

**II.**

**\*\*2** **[1]** Budget first contends that the district court adopted the wrong standard of review in considering the magistrate judge's report and Budget's objections to it. Budget contends that its objections necessitated *de novo* review and that the district court could not have conducted *de novo* review because the hearing transcript was not available and there is no indication that the court had listened to the tape-recording of the evidentiary hearing. It argues that the district court

erroneously concluded that no specific objections were raised and improperly reviewed the report only for clear error.

Macort argues that because Budget failed to raise any specific objections, clear error review was all that was required. Further, Macort asserts that even if we find that Budget did make specific objections, we should presume that the district court conducted the proper *de novo* review. *Jones v. Pillow,* 47 F.3d 251, 253 (8th Cir.1995) ("[W]here the record provides no indication of whether *de novo* review was conducted, such review, including a review of the hearing transcript or tape, may be presumed."). Macort claims that there is no indication that Budget even tried to determine whether the district court had listened to the tape-recording and that the district court must have properly reviewed the report and recommendation because it devoted three pages of its opinion to a discussion of the appropriate standard of review.

"In order to challenge the findings and recommendations of the magistrate [judge], a party must ... file ... written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection.... Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge shall make a *de novo* determination of those portions of the report ... to which objection **\*784** is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate [judge]." *Heath v. Jones,* 863 F.2d 815, 822 (11th Cir.1989).

We review *de novo* the legal question of whether the district court applied the proper standard of review in adopting the report and recommendation of the magistrate judge. *Norton v. Spencer,* 351 F.3d 1, 4 (1st Cir.2003) ("[T]his Court examines the legal conclusions of the district court, including the proper standard of review, *de novo*."); *Yeager v. Reliance Standard Life Ins. Co.,* 88 F.3d 376, 380 (6th Cir.1996) ("Our review of the district court's determination regarding the proper standard to apply ... is *de novo*."); *Natural Res. Def. Council, Inc. v. E.P.A.,* 16 F.3d 1395, 1400 (4th Cir.1993) (applying *de novo* review to determine whether the district court applied the correct legal standard).

In *LoConte v. Dugger,* 847 F.2d 745 (11th Cir.1988), we determined that in circumstances like those at issue in this case, there are three types of fact findings for purposes of determining reviewability on appeal: "(1) findings of fact made by the magistrate [judge] to which the parties did not object; (2) findings of fact made by the magistrate [judge] to which the parties did object with the objections being resolved *de novo* by the district court; and (3) independent findings of fact made by the district court." *Id.* at 749. Most circuits agree that "[i]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins.,* 416 F.3d 310, 315 (4th Cir.2005) (quotations omitted); *accord Johnson v. Zema Sys. Corp.,* 170 F.3d 734, 739 (7th Cir.1999) ("If no objection or only partial objection is made [to the magistrate judge's report], the district court judge reviews those unobjected portions for clear error."); *United States v. Wilson,* 864 F.2d 1219, 1221 (5th Cir.1989) (noting that the "clearly erroneous" standard is appropriate where there has been no objection to the magistrate judge's ruling); *Drywall Tapers & Pointers v. Local 530,* 889 F.2d 389, 395 (2d Cir.1989) ("Where a magistrate [judge] has been appointed to conduct an evidentiary hearing, the district court reviews the Report and Recommendation under the same clearly erroneous standard.") (citing *Wooldridge v. Marlene Indus. Corp.,* 875 F.2d 540, 544 (6th Cir.1989)).

**\*\*3** Where a proper, specific objection to the magistrate judge's report is made, it is clear that the district court must conduct a *de novo* review of that issue. *Stokes v. Singletary,* 952 F.2d 1567, 1576 (11th Cir.1992) (quoting *LoConte,* 847 F.2d at 750). It is critical that the objection be sufficiently specific and not a general objection to the report. *Goney v. Clark,* 749 F.2d 5, 7 (3d Cir.1984). *De novo* review implies that "the district court's consideration of the factual issue ... be independent and based upon the record before the court. To the extent that the magistrate judge has made findings of fact based upon the testimony of the witnesses heard before the magistrate judge, the district court is obligated to review the transcript or listen to the tape-recording of those proceedings." *LoConte,* 847 F.2d at 750.

Thus, the question for us is whether Budget raised a specific objection to the magistrate judge's report necessitating *de novo* review. As we have already indicated, the district court characterized all eleven of Budget's objections as a recitation of the background of the case, or a list of facts omitted from

the magistrate judge's report, or simply an explanation of the applicable law. Our review convinces us ***785** that Budget's Objection no. 1 merely recites language from our previous order remanding the case and does not specifically object to anything in the report and recommendation. Objections nos. 3–11 do merely set out the applicable law. None of the those ten objections meet the specificity requirement.

Objection no. 2 is different. In it, Budget sets out fifteen facts that were omitted from the magistrate judge's report, objects to them not being found, and at least implicitly argues that had those facts been considered, the conclusion would have been that the requirements for § 1927 sanctions were met. Although the district court does not explicitly state that it applied *de novo* review to Objection no. 2, the court does say that it "reviewed those facts and analyzed whether their inclusion in the final [r]eport ... would have warranted a different conclusion." The court determined that even if those fifteen facts had been found, the result would still have been the same—Budget failed to establish its right to have § 1927 sanctions awarded.

What the district court did with Budget's Objection no. 2 amounts to *de novo* review of the magistrate judge's failure to find the facts asserted in that objection, because it is a legal conclusion that those facts do not matter. If that legal conclusion is correct, there is no point in determining whether the facts do exist. If, on the other hand, the district court is wrong about the asserted facts not mattering, then Budget is entitled to have its assertion that the facts do exist decided.

The non-availability of the transcript of the evidentiary hearing at the time the district court overruled Budget's objections is irrelevant to the district court's conclusion that the asserted facts do not matter. And, if the district court was wrong about whether those facts do matter, making a remand necessary, the court will have the evidentiary hearing transcript on remand.

### III.

**\*\*4** We turn now to the question of whether the facts raised in Budget's objections to the magistrate judge's report and recommendation, if true, would have entitled Budget to § 1927 or Fla. Rules Prof'l Conduct R. 4–1.8 fees and sanctions. Budget contends that the actions of Macort's attorneys merit sanctions because they filed suit without conducting a proper pre-suit investigation and because the contract between Macort and the firm essentially made the firm the client. Macort asserts that Budget cannot meet its § 1927 burden and that Fla. Rules Prof'l Conduct R. 4–1.8 provides no third-party cause of action.

"We review the trial court's ruling on an award of sanctions under 28 U.S.C. § 1927 only for abuse of discretion. As we have observed, the abuse of discretion standard of review recognizes that for the matter in question there is a range of choice for the district court and so long as its decision does not amount to a clear error of judgment we will not reverse even if we would have gone the other way had the choice been ours to make." *McMahan v. Toto,* 256 F.3d 1120, 1128 (11th Cir.2001) (internal citation omitted).

### A.

Under 28 U.S.C. § 1927, "[a]ny attorney ... who so multiplies the proceedings in any case unreasonably or vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." *Id.* Thus, the statute sets out a three-prong, conjunctive test: (1) unreasonable and vexatious conduct; (2) such that the proceedings are multiplied; and (3) a dollar amount of sanctions that ***786** bears a financial nexus to the excess proceedings. *Peterson v. BMI Refractories,* 124 F.3d 1386, 1396 (11th Cir.1997). All three requirements must be met before sanctions are imposed. We have held that because of the penal nature of § 1927, it is to be strictly construed. *Id.* at 1395. "For sanctions under section 1927 to be appropriate, something more than a lack of merit is required. The statute was designed to sanction attorneys who willfully abuse the judicial process by conduct tantamount to bad faith." *Schwartz v. Millon Air, Inc.,* 341 F.3d 1220, 1225 (11th Cir.2003). There must be bad faith; mere negligence is not enough. *Id.* "A determination of bad faith is warranted where an attorney knowingly or recklessly pursues a frivolous claim or engages in litigation tactics that needlessly obstruct the litigation of non-frivolous claims." *Id.*

**[2]** The district court did not abuse its discretion in finding that Budget failed to prove the three elements of § 1927, even if the fifteen "facts" asserted in its objections to the report and recommendation are taken as true. As an initial matter, the language of § 1927 makes clear that it only applies to unnecessary filings after the lawsuit has begun. 28 U.S.C. §

1927; *see also* [Matter of Yagman,](...) 796 F.2d 1165, 1187 (9th Cir.) ("Section 1927 does not apply to initial pleadings, since it addresses only the multiplication of proceedings. It is only possible to multiply or prolong proceedings after the complaint is filed."), *amended,* 803 F.2d 1085 (9th Cir.1986). "The filing of a complaint may be sanctioned pursuant to Rule 11 or a court's inherent power, but it may not be sanctioned pursuant to § 1927." *In re Keegan Mgmt. Co., Sec. Litig.,* 78 F.3d 431, 435 (9th Cir.1996). Here, Budget's failure to give Macort the twenty-one day safe harbor period forecloses Rule 11 sanctions for the initial filing of a frivolous suit. As a result, we can consider only whether § 1927 sanctions are merited by conduct following the initial filing of this suit.

**\*5** In order for § 1927 sanctions to be justified, all three factors we have set out are necessary. If one factor is missing, sanctions cannot be imposed. Here we find that, even considering the additional fifteen "facts" from Budget's objections to the report and recommendation, Budget cannot show that Macort's counsel improperly multiplied the proceedings. Prior to Budget's appeal, this was a fairly small, simple case with only a complaint, initial disclosures, and limited discovery. As soon as Macort's lawyers were convinced that she lacked standing, they sought dismissal. Macort's attorneys did not file voluminous or multiple pleadings, and they filed only one lawsuit by Macort against Budget. None of the asserted additional facts changes that.

B.

**[3]** Fla. Rules Prof'l Conduct R. 4–1.8 prohibits an attorney from acquiring a proprietary interest in the subject matter of litigation the attorney is conducting. Nevertheless, the rule does not create a third party cause of action. None of the additional objection facts changes that. The district court did not err in denying sanctions under this rule regardless of those asserted facts.

**AFFIRMED.**

**All Citations**

208 Fed.Appx. 781, 2006 WL 3473734

End of Document   © 2023 Thomson Reuters. No claim to original U.S. Government Works.